United States District Court
Southern District of Texas
**ENTERED**
May 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOEY TERRELL ROUSER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-3037 |
| § | |
| UNITED SURGICAL PARTNERS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United Surgical Partners International, Inc.'s First Amended Motion for Summary Judgment. Dkt. 25. After carefully reviewing the motion, response, and reply, the submissions, and the applicable law, the Court **GRANTS** summary judgment for USPI.

### I. Background

USPI, an ambulatory surgery provider, hired Plaintiff Joey Terrell Rouser around January 25, 2016, as a "collector," in which role he was responsible for calling patients and insurance companies regarding outstanding medical bills. Dkt. 25-3 at 86. USPI terminated Rouser's employment around September 20, 2016, citing productivity deficiencies and inappropriate behavior. Dkt. 25-2 at 10.

Rouser filed the Complaint in this action on August 29, 2018. Dkt. 1. Rouser's Complaint raises causes of action under Title VII for discriminatory retaliation and termination based on his sex and his sexual orientation. *See* Dkt. 1 at 2, 17. Whether

Rouser is suing for discrimination based on his sex or his sexual orientation is discussed further below.

Rouser filed a motion for summary judgment on November 8, 2018, which contained five sentences of argument. Dkt. 8. Rouser attached correspondence relating to proceedings before the EEOC and Texas Workforce Commission, and correspondence with USPI during his employment. Dkt. 8. The court denied that motion, noting that Rouser "does not identify facts or cite to any alleged supporting law." Dkt. 23. USPI then moved for summary judgment, and then filed an amended motion for summary judgment. Dkts. 24, 25. The Court struck the motions because USPI did not file a pre-motion letter in accordance with this Court's Procedures, section 6. Dkt. 27. USPI submitted a pre-motion letter describing its arguments for summary judgment in accordance with the Court's Procedures. Dkt. 28.

The Court then held two hearings. The first hearing, Rouser did not attend. Dkt. 30. At the hearing, the Court heard USPI's bases for summary judgment and reinstated USPI's First Amended Motion for Summary Judgment. Dkt. 30 (reinstating Dkt. 25). More than twenty-one days passed without Rouser responding to USPI's motion, so the Court set a second hearing to ensure Rouser received notice. Dkt. 35. At the second hearing, Rouser did appear, and the Court advised Rouser to file a response to USPI's motion for summary judgment marshaling all of his evidence in support of his claims. Dkt. 36. Rouser confirmed that the Court allowed him enough time to prepare his response.

The Court now considers USPI's motion for summary judgment (Dkt. 25), which argues, among other things, (1) Rouser's claim is foreclosed by binding Fifth Circuit authority, and (2) Rouser cannot show that USPI's reasons for his termination were mere pretext. The Court grants summary judgment for USPI on these bases, then disposes of the remaining pending motions in this case.

## II. Applicable Legal Standards

### A. Summary Judgment

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted). In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the inferences to be drawn from those facts in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### B. Title VII

#### i. Discrimination

Title VII prohibits employment discrimination against "any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of discrimination, the plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, rely on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis. *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 332 (5th Cir. 2019).

Under *McDonnell Douglas*, the plaintiff carries the burden to prove that he (1) is a member of a protected class, (2) was qualified for the position that he held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of his protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If a plaintiff establishes a *prima facie* case, the burden shifts to the employer to show it had a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the employer can show a legitimate, non-discriminatory reason for the adverse action, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision. *Wittmer*, 915 F.3d at 332. To overcome a legitimate, nondiscriminatory reason for termination, the plaintiff must show something beyond disagreement with the employer's decision. *Id.*

### ii. Retaliation

To prove retaliation under Title VII, the plaintiff must establish: "(1) the employee engaged in activity protected by Title VII, (2) the employer took adverse employment action against the employee, and (3) a causal connection exists between that protected activity and the adverse employment action." *Equal Employment Opportunity Comm'n v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017). This establishes the employee's *prima facie* case and gives "rise to an inference of retaliation." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).

The burden then shifts to the employer to articulate a legitimate non-retaliatory reason for the adverse employment action. *Id.*

If the employer does so, the burden shifts back to the employee to "demonstrate that the employer's stated reason is actually a pretext for retaliation." *Id.* (internal brackets omitted). To demonstrate pretext sufficient to defeat a motion for summary judgment, an employee must produce evidence that could lead a reasonable fact-finder to conclude that "the adverse employment action would not have occurred 'but for' the employee's decision to engage in an activity protected by Title VII." *Id.* (internal brackets omitted).

### III. Analysis

Summary judgment must be granted to USPI for at least two reasons.

#### A. Rouser's claim is barred by controlling Fifth Circuit precedent.

First, Rouser does not present evidence that he is a member of a protected class under controlling authority. Although Rouser alleged that he was discriminated against

based on his "sex" on his form Title VII Complaint, he testified in deposition that he is suing USPI for discriminating against him based on his sexual orientation. Dkt. 25-3 at 4 (testifying in deposition that it is "correct" than "when [he] used [the] term 'sex discrimination' in [his] employment discrimination complaint, [he] specifically mean[t] discrimination because [he is] a gay individual"); *see also* Dkt. 25-3 at 5–6 (testifying in deposition that he believes he was terminated and retaliated against based on his sexual orientation). In emails to his USPI superiors alleging harassment and discrimination, Rouser repeatedly stated that he was being discriminated against based on his sexual orientation. Dkt. 25-3 at 93 (referencing, *e.g.*, "Sexual Orientation Discrimination within the workplace").

Under the applicable law, "Title VII in plain terms does not cover 'sexual orientation.'" *O'Daniel v. Industrial Service Solutions*, 922 F.3d 299, 305 (5th Cir. 2019) (collecting authority showing "Fifth Circuit's unequivocal stance barring Title VII coverage of 'sexual orientation' as a protected class").

*O'Daniel* and related Fifth Circuit authority are unequivocally binding on this Court and require this Court to grant summary judgment for USPI and dismiss Rouser's complaint.

### B. Rouser presents no evidence that USPI's stated reasons for terminating him were pretextual.

Even if *O'Daniel* were not binding on this Court, or if Rouser's claim were not only for sexual-orientation discrimination, summary judgment for USPI would still be warranted for a second reason: USPI has articulated a legitimate, non-discriminatory

reason for its adverse employment action against Rouser, and Rouser has not offered evidence that would create a genuine issue of fact whether USPI's reason for terminating Rouser is actually a pretext for discrimination.

For purposes of either his discrimination claim or his retaliation claim, the only employment action Rouser alleges in his Complaint that is "adverse" within the meaning of Title VII is his termination. "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Accordingly, even taking as true Rouser's deposition testimony that his coworkers uttered homophobic slurs against him (*see, e.g.*, Dkt. 25-3 at 10–12, 18) those actions do not constitute adverse employment actions under Title VII. *Harrison v. Corr. Corp. of Am.*, 476 F. App'x 40, 43–44 (5th Cir. 2012) (holding that being subjected to racial slur and racial comments in the workplace did not constitute actionable adverse employment actions).

USPI presents evidence that it terminated Rouser based on his "continued low production" and "disruptive and unprofessional behavior." Dkt. 25 at 9.

As to low productivity, USPI asserts that it "implemented new, higher production goals for collectors at Rouser's location," requiring collectors to work 90–100 accounts per day. Dkt. 25-2 at 2 ¶ 4 (attesting that all collectors assigned only aging accounts, as Rouser was, must complete between 90-100 accounts per day). Rouser testified in deposition that his productivity "stayed between 30 [to] 35" accounts per day. Dkt. 25-3

at 84. One of Rouser's supervisors, Vanessa Cardenas, issued Rouser a written warning citing Rouser's inadequate productivity. Dkt. 25-3 at 94.

As to Rouser's disruptive behavior, USPI asserts that Rouser "behaved so erratically and unprofessionally at a meeting at USPI" around September 20, 2016, "that management became concerned he was a safety risk and . . . asked him to leave for the day." Dkt. 25 at 8. USPI presents evidence—including Rouser's deposition testimony—that Rouser became very emotional during the meeting, told managers he was "tired of USPI's bullshit," and accused management of deleting his accounts without examples or evidence to back up the accusation. Dkt. 25-2 at 2, 10; Dkt. 25-3 at 62–67; Dkt. 25-4 at 5. USPI also presents evidence of other instances of Rouser's erratic or concerning behavior. Dkt. 25-4 at 5, 7–8.

By asserting Rouser was fired based on poor performance and behavioral concerns, and citing specific examples predating the termination decision and known to the decisionmaker at the time of the decision, USPI has shifted the burden back to Rouser. *See Burton*, 798 F.3d at 233 (finding that defendant had shifted burden back to plaintiff by citing specific examples of poor performance).

Accordingly, the burden shifts back to Rouser to "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 218 (5th Cir. 2016) (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Outley*, 840 F.3d at 218.

Viewing the evidence in the light most favorable to Rouser, Rouser does not meet his burden to present evidence of disparate treatment or that USPI's proffered explanation is false or unworthy of credence. Rouser does not present any evidence, for example, to show that USPI imposed new productivity requirements only on him, or that USPI did not impose new productivity requirements for all collectors in his office. Nor does Rouser present evidence that his productivity was up to the new standards, or any other evidence somehow connecting the new requirements to his sex, sexual orientation, or complaints about discrimination. He provides no evidence that another employee acted in a manner similar to his conduct at the September 20 meeting and was treated differently. Nor does he provide any evidence that USPI's description of the events at the meeting are inaccurate.

Rouser has not presented evidence showing a genuine dispute of material fact whether USPI's proffered legitimate, non-discriminatory reasons for terminating Rouser were pretextual. This lack of evidence is fatal to both of Rouser's claims under Title VII, for discrimination and retaliation. Accordingly, summary judgment must be granted to USPI on all claims in this action.

### IV. Outstanding Motions (Dkts. 42, 43)

Rouser moves the Court to subpoena documents about certain USPI employees, such as "any and all bank records," "background checks," information about "bonuses" or "pay raises given," disciplinary actions, and whether USPI threw a barbecue when Rouser was terminated. Dkt. 42 at 2. This request to the Court is procedurally improper for several reasons, including that it is a request for discovery filed more than five months

after the discovery period in this case ended. The Court notes that the documents sought are, in any event, irrelevant to the Court's pretext analysis and would not change the Court's ruling on USPI's motion for summary judgment. The motion is **DENIED**. Dkt. 42.

USPI also moves the Court to rule, in advance of trial, that Rouser must testify at trial using the question-and-answer format. Dkt. 43. Since USPI's motion for summary judgment is granted and this case will not proceed to trial, USPI's motion is **DENIED AS MOOT**. Dkt. 43.

### V. Conclusion

Defendant United Surgical Partners' First Amended Motion for Summary Judgment (Dkt. 25) is **GRANTED**. Rouser's motion to subpoena (Dkt. 42) is **DENIED**. USPI's motion for question-and-answer format (Dkt. 43) is **DENIED AS MOOT**. Plaintiff Joey Terrell Rouser's Complaint is **DISMISSED WITH PREJUDICE**.

The Court will separately enter final judgment.

SIGNED at Houston, Texas, this 22nd day of May, 2020.

_George C. Hanks, Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE